## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory Nicholas Maish, | Case No. 20-CV-2628 (DSD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Petitioner Cory Nicholas Maish pleaded guilty in this District to two counts of production of child pornography, and he was sentenced to a 250-month term of imprisonment in May 2019. *See United States v. Maish*, No. 18-CR-0248 (NEB) (D. Minn.). Maish did not at first file a notice of appeal but, acting pro se, finally did so in November 2020. The United States Court of Appeals for the Eighth Circuit dismissed the appeal as untimely.

Two weeks later, Maish filed a petition for a writ of habeas corpus alleging that his defense counsel provided constitutionally deficient assistance in the criminal proceedings by failing to file a timely notice of appeal. Maish's habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that it lacks

---

[1] Although Maish's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

1

jurisdiction over the habeas petition and recommends that this matter be dismissed without prejudice on that basis.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the United States Court of Appeals for the Eighth Circuit has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United*

2

*States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Maish appears to recognize in his habeas petition that his lone claim — that defense counsel provided ineffective assistance by failing to file a notice of appeal — is, at bottom, an attack on the legality of his conviction and sentence. (*See* Dkt. at 3 (noting that the petition is challenging "[t]he validity of [Maish's] conviction or sentence as imposed . . . .").) Maish also appears to recognize that, ordinarily, such claims must be brought pursuant to § 2255 rather than in a habeas petition. (*Id*. at 5.) But Maish argues that because his claim is subject to "procedural default" and "time limit[s]," § 2255 is inadequate or ineffective to test the legality of his detention, *see* 28 U.S.C. § 2255(e).

This Court suspects that Maish is correct that his claim would be untimely if brought pursuant to § 2255.[2] As explained above, however, the mere fact that a petitioner faces a procedural impediment to seeking relief under § 2255 does not mean

---

[2] *See* 28 U.S.C. § 2255(f). Maish's conviction had become final well over a year before he filed his habeas petition; nothing seems to have prevented Maish from filing a § 2255 motion earlier; and Maish's claim was known to him, by his own admission, for more than a year. *See* Notice of Appeal [Dkt. No. 56], *Maish*, No. 18-CV-0248, at 1 (D. Minn. Nov. 23, 2020) (mentioning that Maish's mother had urged defense counsel to pursue an appeal "for well over a year"). For that reason, this Court will not recommend that the habeas petition be construed as a motion for relief under § 2255 and transferred to the underling criminal proceedings for further consideration.

that § 2255 was inadequate or ineffective. *See Lurie*, 207 F.3d at 1077. Maish could have filed a timely motion under § 2255. Having failed to do so, Maish cannot now argue that the time limitations imposed by § 2255 renders that provision inadequate or ineffective. Maish's claim does not fall within the savings clause of § 2255, and this matter must therefore be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: February 18, 2021          *s/Elizabeth Cowan Wright*
                                                         ELIZABETH COWAN WRIGHT
                                                         United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).